## Buffum, et al. v. Commonwealth.

(Decided March 28, 1913.)

Appeal from Knox Circuit Court.

1. Land—Forfeiture—Section 4076-k, Kentucky Statutes—When Not Permitted.—Where lands of a non-resident are sold and purchased by the State for non-payment of taxes, and the State, in an equitable action to recover possession of the lands, is adjudged to be the owner thereof, and is awarded a writ of possession, the State cannot forfeit the lands for a failure of the owner to list them for taxation for five successive years, or a failure to pay the taxes thereon for five successive years, when during certain of these years the title to the land was in the Commonwealth, and the owner was not, therefore, required to list the land for taxation.

2. Land—Tax Sales—Incomplete Redemption—State's Lien.—Where the lands of a non-resident owner are sold and purchased by the

State for non-payment of taxes, and the State, in an equitable action, is adjudged to be the owner thereof, and is awarded a writ of possession, and the owner is permitted to redeem, without paying the cost of the proceeding or all the taxes that have accumulated on the land from the date of sale up to the date of redemption, and the State brings an action to forfeit the lands for non-listing for taxation or non-payment of taxes for five successive years, as provided by section 4076-k, the State's right to its taxes will not be defeated by the incomplete redemption or by a failure to maintain the action of forfeiture, but in such an action the court will take steps to have the property in question properly assessed by the assessor for the omitted years in the manner provided by statute, and will make such orders as are necessary to secure the Commonwealth in the payment of the taxes for those years.

T. B. McGREGOR, LEWIS APPERSON, JOHN HOWARD and C. S. WILSON for appellants.

JOSEPH B. SNYDER, Commonwealth's Attorney, JAMES GARNETT, Attorney General, M. M. LOGAN, Assistant Attorney General, THOMAS D. TINSLEY and H. C. GILLIS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Appellants, A. E. Buffum and others, are the owners of 3,000 acres of land and 17,000 acres of mineral rights located in Knox County, Kentucky, and embraced in 36,000 acres granted to John Lewis, February 18, 1790, by the Commonwealth of Virginia. Appellants acquired title in the year 1904, and paid the taxes thereon for the years 1904, 1905 and 1906. On September 1st they listed the land in question at a valuation of $54,500. They did not list the property for the years 1908, 1909, 1910 and 1911.

This action was brought by the Commonwealth to forfeit the land in question on the ground that appellants had failed to list the land for taxation for five successive years, beginning with September 1, 1906, and had also failed to pay the taxes thereon for five successive years, beginning with the year 1907, as provided by section 4076-k, Kentucky Statutes, being a part of Article 3, Chapter 22, Acts of 1906. From the judgment forfeiting the land to the Commonwealth, this appeal is prosecuted.

Several grounds are urged for reversal, but we deem it necessary to consider but one. It appears that appel-

lants did not pay the taxes assessed on September 1, 1906, for the year 1907, and the lands and mineral rights were thereafter sold by the sheriff of Knox County, and the Commonwealth became the purchaser on December 23, 1907. Thereafter the county attorney of Knox County instituted an equitable action in the Knox Circuit Court against appellants to recover the lands in question by virtue of the aforesaid tax sale. On December 23, 1909, judgment was entered in that action adjudging the Commonwealth to be the owner of the lands in question, and awarding it a writ of possession against the appellants. It further appears that after the institution of this action appellants redeemed the lands in controversy by paying the taxes, interest and costs for the year 1907, and also paid the taxes for the year 1912. Thereupon the Auditor executed to appellants a deed.

Sections 4073, 4074, 4075 and 4076, Kentucky Statutes are as follows:

"4073. That it shall hereafter be unlawful for any assessor of this State to list any lands owned by non-residents of this State that have heretofore been sold, or that may hereafter be sold, and purchased by the State for taxes due thereon, except as hereinafter provided.

"4074. That the owners of all such land that has heretofore been sold, or may hereafter be sold, and purchased by the State for taxes due thereon, shall be required to pay, in addition to the amount said lands were sold for, all taxes accumulated thereon after the sale of the same to the date of the redemption, to the officers now required by law to receive it.

4075. That whenever the owners of said lands shall redeem same, as provided in section 4074 of article 2, of this chapter, it shall be the duty of the clerk of the county court to certify said redemption to the assessor of the county, whose duty it shall be to list the same for taxation.

"4076. That any assessor who shall list any of said lands in violation of this act shall be guilty of a misdemeanor, and fined not exceeding two hundred dollars for each offense."

It will be observed that section 4073 makes it unlawful for any assessor of the State to list any land owned by non-residents of the State that has heretofore been sold or may hereafter be sold, and purchased by the State for taxes due thereon, except as thereinafter pro-

vided. The only exception is that contained in section 4075, which makes it the duty of the assessor to list land that has been purchased by the State for taxes due thereon in case the owners desire to redeem, and the county clerk certifies the redemption to the assessor. Here the appellants are non-residents. Furthermore, the State acquired title by virtue of the judgment entered in the proceeding instituted by the county attorney for the purpose of recovering the land. The assessor not being permitted to list the lands for taxation after the purchase by the State, the State will not be permitted to forfeit the lands on the ground of the failure to list for five successive years, or a failure to pay for five successive years, when for certain of those years the title to the land was in the Commonwealth, and the tax-payer was not, therefore, required to list it for taxation.

It not appearing, however, that appellants paid the cost of the proceeding by the Commonwealth in the Knox Circuit Court to recover possession of the lands, as provided by section 4153, Kentucky Statutes, or that they paid all the taxes against the property after the sale of same to the date of redemption, it follows that the redemption was not complete. The redemption not having been complete, the State's right to taxes on the lands in question for the years 1908, 1909, 1910 and 1911 will not be defeated either by the redemption in question or its failure to maintain this action. On the return of the case, the court will take steps to have the property in question properly assessed by the assessor for the years 1908, 1909, 1910 and 1911, in the manner provided by the statute, and will make such orders as are necessary to secure the Commonwealth in the payment of the taxes for the years in question.

Judgment reversed and cause remanded for proceedings consistent with this opinion.